NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MALEM MEDICAL, LTD., and ENURESIS ASSOCIATES, LLC,, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> THEOS MEDICAL SYSTEMS, INC., and SAKET BHATIA, <br><br> Defendants-Appellants. | No. 17-17289 <br><br> D.C. No. 3:13-cv-05236 EMC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward Chen, District Judge, Presiding

Submitted February 11, 2019
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and LASNIK,**
District Judge.

Theos Medical Systems, Inc., and Saket Bhatia (hereinafter, "Theos") appeal

the district court's orders holding them in contempt of court for violating a consent

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

decree and awarding attorney's fees to Malem Medical, Ltd., and Enureses

Associates, LLC (hereinafter, "Malem"). We have jurisdiction pursuant to 28

U.S.C. § 1291 because the district court's post-judgment contempt order is a final

order of the district court. Davies v. Grossmont Union High Sch. Dist., 930 F.2d

1390, 1393-94 (9th Cir. 1991). We affirm.

Malem and Theos are competitors in the market for enuresis (*i.e.*, bed-

wetting) products. Malem sued Theos, alleging that Theos improperly used

Malem's marks and made false accusations that Malem's products were dangerous.

The parties negotiated a settlement in March 2015, and the district court entered a

consent decree in July 2015 requiring that:

> 9.  [THEOS] will not disparage [MALEM] or any of their
>     products, services, officers, directors, or employees. For
>     purposes of this agreement, disparage means to take any action
>     which could reasonably be expected to adversely affect the
>     reputation of [MALEM] or any of their products, services,
>     officers, directors, or employees. This paragraph does not apply
>     to legitimate business concerns raised by [THEOS] or to
>     allegations that [MALEM] have violated this Agreement or
>     Consent Decree.

The month after the consent decree was entered Theos began submitting reports to

various domestic and foreign regulatory agencies regarding Malem's products,

opining that the products expose children to significant safety hazards (including

toxic chemicals and small parts that posed a risk of choking) and requesting that

the products be recalled from the market. Malem filed a motion to hold Theos in

contempt. Following a one-day trial, the district court found that Theos violated the non-disparagement provision of the consent decree. The court subsequently awarded Malem its reasonable fees and costs as authorized by the settlement agreement.

Theos challenges the enforceability of the non-disparagement provision to the extent it restricts its right to petition regulatory authorities for the removal of dangerous products from the market. The right to petition the government, including administrative agencies, is one of the freedoms protected by the United States Constitution. Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972). A person may waive his or her constitutional rights, however, as long as there is clear and convincing evidence that the waiver was voluntary, knowing, and intelligent. D.H. Overmyer Co., Inc. v. Frick Co., 405 U.S. 174, 187 (1972); Davies, 930 F.2d at 1394-95. Courts will enforce a waiver of a constitutional right unless "the interest in its enforcement is outweighed in the circumstances by a public policy harmed by enforcement of the agreement." Leonard v. Clark, 12 F.3d 885, 889-90 (9th Cir. 1993).

In an oral ruling before trial, the district court found that Theos knowingly and intelligently waived its right to make the type of reports at issue here.[1] Given

---

[1] Pursuant to Federal Rule of Evidence 201, we may take judicial notice of the portions of the district court transcript relevant to the First Amendment issues despite the fact that the parties designated only a single page of the discussion as

the context in which the non-disparagement provision was negotiated, including Theos falsely claiming Malem's products were dangerous, Theos clearly "voluntarily and knowingly" waived its First Amendment rights. There is no error in the district court's finding of waiver, regardless of whether the determination is reviewed under an abuse of discretion or *de novo* standard.[2]

The district court also correctly analyzed and resolved Theos' argument that, even if it knowingly gave up the right to file adverse reports with regulatory agencies, the interest in enforcing the waiver is outweighed by a public policy in favor of reporting safety hazards. The balance of policy interests depended in large part on the facts proven at trial regarding the purpose of the complaints. In light of the district court's factual findings regarding intent and falsity, discussed below, the interest in enforcing Theos' promise not to disparage Malem (and the waiver of a constitutional right contained therein) is not "outweighed in the circumstances by a public policy harmed by enforcement of the agreement." Leonard, 12 F.3d at 889-90.

---

part of the record on appeal. See Harris v. Cty. of Orange, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

[2] In Bose Corp. v. Consumer's Union, 466 U.S. 485, 509-10 (1984), the Supreme Court held that the deference to trial court fact findings required by Rule 52(a) gives way when appellants are claiming interference with First Amendment rights.

4

Theos argues that there was insufficient evidence in the record to support the district court's findings regarding the falsity of the reports it submitted, its intent in making the reports, disparagement, and contempt. A district court's civil contempt order is reviewed for abuse of discretion. Sec. Exch. Comm'n v. Hickey, 322 F.3d 1123, 1128 (9th Cir.), amended by 335 F.3d 834 (9th Cir. 2003). Its credibility findings are entitled to even greater deference. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985). The district court's conclusions that Mr. Bhatia was not credible and that Theos submitted false reports to regulatory agencies in order to mislead the agencies and hurt Malem's business (not in an attempt to safeguard public safety) are amply supported by the record. There is no clear error of judgment on the district court's part regarding its factual findings, the contempt determination, or the award of attorney's fees.

**AFFIRMED.**